UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA DIVISION

| | | |
|---|---|---|
| MARK ZURALES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 10-1174-KHV-DJW |
| | ) | |
| vs. | ) | PLAINTIFF'S COMPLAINT |
| | ) | AND DEMAND FOR JURY TRIAL |
| NATIONAL CREDIT ADJUSTERS, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

MARK ZURALES (hereinafter referred to as "Plaintiff"), through the undersigned counsel, ALEX SIMANOVSKY & ASSOCIATES, LLC, alleges the following against NATIONAL CREDIT ADJUSTERS, L.L.C., (hereinafter referred to as "Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.      Defendant conducts business in the state of Kansas and specifically this District, and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5.      Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person residing at 555 Church Street in the City of Nashville, Davidson County, Tennessee 37219.

7.      Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.      Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.      Defendant is a domestic limited liability company located at 327 West 4th Street, Hutchinson, Kansas 67501.

10.      Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11.      Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for the alleged debt.

12.      Defendant calls Plaintiff from telephone numbers (800) 542-1048, Ext. 1224 and (620) 728-1486, seeking and demanding payment for the alleged debt.

13.      Defendant has caused Plaintiff personal phone to ring.

14.      Defendant did not send Plaintiff a validation letter.

15.      Defendant called the Plaintiff at his place of work after the Defendant was requested not to call as it would be inconvenient to the Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16.      Defendant violated the FDCPA based on the following:

a.)     Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

b.)     Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

c.)     Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant does not state the name of its company.

d.)     Defendant violated §1692b(1) of the FDCPA by contacting persons other than Plaintiff and failing to identify him/herself and failing to state the he/she is confirming or correcting location information concerning Plaintiff.

e.)     Defendant violated §1692b(2) of the FDCPA by stating that the Plaintiff owes a debt in communications with persons other than Plaintiff.

f.)     Defendant violated §1692b(3) of the FDCPA by contacting a person other than Plaintiff more than once in communications with persons other than Plaintiff.

g.)     Defendant violated §1692e(4) of the FDCPA by giving the false impression that nonpayment of the alleged debt will result in the arrest or imprisonment of the Plaintiff.

h.)     Defendant violated 15 USC §1692(a) (1) by calling the Plaintiff at his place of work after the Defendant was requested not to call as it would be inconvenient to the Plaintiff.

3

WHEREFORE, Plaintiff, MARK ZURALES, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT ADJUSTERS, L.L.C., for the following:

a)  Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

b)  Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692;,

c)  Actual damages;

d)  Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

e)  Any other relief that this Honorable Court deems appropriate.

This 26th day of May, 2010.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARK ZURALES, demands a jury trial in this case.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designated Wichita as place of trial.

This 26th day of May, 2010.

RESPECTFULLY SUBMITTED

THE PROBST LAW FIRM, P.A.

BY:

Raymond E. Probst, Jr.
KS Bar No. 20370
Attorney for Plaintiff
827 Armstrong Avenue
Kansas City, KS  66101
(913) 281-0699

Of Counsel to:
Alex Simanovsky & Associates, LLC

2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(678) 781-1012
alex@fdcpalawyeronline.com